UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CALDWELL, | Case No. 2:22-cv-00709-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, DENYING HIS MOTION TO APPOINT COUNSEL, AND VACATING THE SEPTEMBER 7, 2022 FINDINGS AND RECOMMENDATIONS |
| v. | |
| UNKNOWN, | |
| Defendant. | ECF Nos. 8 & 11 |

On May 6, 2022, I ordered plaintiff to submit within thirty days either the $402 filing fee or a completed application for leave to proceed *in forma pauperis*. ECF No. 3. After plaintiff failed to comply with that order, I ordered him to show cause within twenty-one days why this action should not be dismissed for failure to pay the filing fee, failure to prosecute, and failure to comply with court orders. ECF No. 4. In response, he filed a letter indicating that he did not intend to file a lawsuit but was hoping that the court would appoint him counsel. ECF No. 5. I deferred ruling on plaintiff's request for counsel and instead granted him a final opportunity either to pay the filing fee or to submit an application to proceed *in forma pauperis*. ECF No. 6.

On September 7, 2022, I recommended that this action be dismissed for failure to pay the filing fee. ECF No. 8. At the time those findings and recommendations issued, the docket reflected that plaintiff had not paid the filing fee or submitted an application to proceed *in forma pauperis*. Plaintiff, however, had already submitted an application on September 2, 2022, but it

1

was not docketed until September 14, 2022.[1]  *See* ECF No. 9.  Given that plaintiff has filed an application to proceed *in forma pauperis*, the September 7, 2022 findings and recommendations will be vacated.

More recently, plaintiff has filed a request for appointment of counsel or, in the alternative, leave to amend his complaint.[2]  ECF No. 11.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Having considered these factors, I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  However, plaintiff will be afforded an opportunity to file an amended complaint.

Accordingly, it is hereby ORDERED that:

1. The September 7, 2022 findings and recommendations, ECF No. 8, are vacated.

2. Plaintiff's request for leave to amend, ECF No. 11, which is construed as a motion, is granted.

3. Plaintiff's motion for appointment of counsel, ECF No. 11, is denied.

4. Plaintiff shall file an amended complaint within thirty days of the date of this order.

---

[1] Apparently, plaintiff mailed his application to proceed *in forma pauperis* to the Fresno courthouse, and there was a delay in forwarding it to the Sacramento clerk's office.

[2] Plaintiff also states that he wants "the court to dismiss [this case] without prejudice so [he] can on a later date amen[d his] complaint."  ECF No. 11 at 2.  If plaintiff does not want to pursue this action, he can voluntarily dismiss it without prejudice by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)(A).

5. The Clerk of Court is directed to send plaintiff the court's form for filing a civil rights action.

IT IS SO ORDERED.

Dated: __October 13, 2022__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE